IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
August 3, 2005

CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| MICHAEL MARAK | § |
| | § |
| | § |
| v. | §   CA 3:03-CV-1883-R |
| | § |
| DALLAS/FORT WORTH | § |
| INTERNATIONAL AIRPORT BOARD | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dallas/Fort Worth International Airport Board's ("DFW") Motion for Summary Judgment (filed June 27, 2005).[1]  For the reasons set out below, Defendant's motion is granted in part and denied in part.

**I. Background**

Plaintiff Michael Marak ("Marak") was employed with DFW for over 20 years as a Facilities Services Superintendent.  In June 2003, DFW adopted a reduction in force ("RIF") plan and Marak was terminated.  Marak alleges that DFW's RIF plan was specifically designed to rid the airport of older workers.  Marak also alleges that DFW was aware of his decision to avail himself of his rights under the Family and Medical Leave Act ("FMLA").  Marak brought suit alleging DFW violated the Texas Commission on Human Rights Act, Tex. Lab. Code §21.051 ("TCHRA"), Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the FMLA, 29 U.S.C. §2615.  DFW argues that the RIF was necessary to cure economic woes suffered by the airport, and

---

[1] In its reply brief, DFW objects to Marak's response for failing to comply with Local Rules 56.4 and 56.5.  The Court will not impose any sanction for this oversight.  DFW also objects to several portions of Marak's appendix.  These objections are better served in a proper motion to strike instead of a reply brief.  Nevertheless, the Court denies these objections.

that age played no part in Marak's termination.  DFW also argues Marak was unqualified for any position after the RIF reorganization.

On March 22, 2004 this Court granted DFW's 12(b)(6) motion to dismiss Marak's §1983, contract, tort, and punitive claims, and on April 28, 2004, the Court erroneously entered final judgment dismissing *all* of Marak's claims with prejudice. This Court was reversed[2], and now Marak's remaining claims are before the Court.[3]

## II. Standard

Summary judgment is proper when viewing all the evidence in the light most favorable to the non-movant "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56©; *Williamson v. U.S. Dep't. of Agric.*, 815 F.2d 368, 373 (5th Cir.1987).

When ruling on a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). To defeat a defendant's motion for summary judgment, "there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry therefore, unavoidably asks whether reasonable jurors could find

---

[2] *See Marak v. Dallas/Fort Worth Intl. Airport Bd.,* 124 Fed.Appx. 272 (5th Cir. 2005).

[3] In the midst of this Court's previous error dismissing all of Plaintiff's claims, Plaintiff filed another lawsuit in this court where he re-alleged his discrimination claims which were wrongly dismissed.  After the Fifth Circuit reversed and remanded Plaintiff's original case, 3:03-cv-1883, the Court dismissed Plaintiff's second case "with prejudice" since it was duplicative. *See Marak v. Dallas/Fort Worth Intl. Bd.,* 2005 WL 780405 (N.D.Tex. Apr 06, 2005).  For this reason, Defendant argues that Plaintiff's discrimination claims are barred by res judicata.  The Court disagrees.  This Court had clearly erred in dismissing these claims in the first place, and although the judgment stated that dismissal was with prejudice, the Plaintiff had clearly preserved his claims by appealing his case.  Therefore, the claims at issue are not barred by res judicata.

by a preponderance of the evidence that the plaintiff is entitled to a verdict." Id. at 252.

### III.  Discussion

*A.  Age Discrimination Claims*

Plaintiff brings age discrimination claims under both Texas law and Federal law.  Texas age discrimination laws correlate with Federal laws. *See Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003).  Therefore, this Court's analysis of Plaintiff's age discrimination claim will be the same whether Plaintiff seeks a recovery under State law or Federal law.

Following Supreme Court's opinion in *Desert Palace, Inc. d/b/a Caesars Palace Hotel & Casino v. Costa*, 539 U.S. 90 (2003), a recent Fifth Circuit decision modified the proper approach to analyzing an ADEA discrimination case, stating it as follows:

> [T]he plaintiff must still demonstrate a prima facie case of discrimination; the defendant must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive[s] alternative).

*Rachid v. Jack in the Box, Inc.*, 376 F.3d. 305, 312 (5th Cir. 2004) (quotes omitted)[4].

---

[4]As another court in this circuit has commented, "[a] plaintiff's failure to prove the falsity of a defendant's stated nondiscriminatory reason has doomed many a discrimination case in this circuit, and the mixed-motive alternative set forth in *Rachid* will thus likely prove to be a lifeline for many discrimination cases which would otherwise not have survived summary judgment. Clearly, it will be easier for many plaintiffs to circumstantially prove that discrimination was one factor motivating an adverse employment decision than it would be to prove that the nondiscriminatory reason offered by the defendant is false." *Warren v. Terrex Corp.,* 328

In a reduction-in-force case, a plaintiff makes out a prima facie case by showing (1) that he is within the protected age group; (2) that he has been adversely affected by the employer's decision; (3) that he was qualified to assume another position at the time of the discharge; and (4) evidence, circumstantial or direct, from which a fact-finder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue. *See Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir.1996); *Amburgey v. Corhart Refractories Corp., Inc.*, 936 F.2d 805, 812 (5th Cir.1991). Proof of a prima facie case raises an inference of discrimination and in the absence of further evidence, creates a mandatory presumption in favor of the plaintiff. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 528 (1993). However, once an employer meets its burden of production to put forward a legitimate, nondiscriminatory reason for its adverse employment action, the presumption provided by the prima facie case "drops from the case." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 n. 10 (1981). A prima facie case is fairly easy to establish. *See Amburgey,* 936 F.2d at 812. The first and second requirements for making out a prima facie are undisputed.[5] DFW argues that Marak cannot fulfill the third and fourth requirements to make out a prima facie case.

### *I. Whether Marak was qualified to assume another position at the time of the discharge*

Before reaching the issue as to whether Plaintiff was qualified to assume another available position, the Court considers Defendant's argument that no other positions were available. Prior to being terminated, Marak served as a Facilities Services Superintendent.[6] When the RIF

---

F.Supp.2d 641, 644 (N.D.Miss. 2004).

[5]Marak, age 52, was within the protected class. Def.'s App. 25; Marak was discharged. *Id.* 15-17.

[6]*Id*. at 58.

reorganization took place DFW created a single Facilities Services Superintendent position that consolidated Marak's previous responsibilities with terminal maintenance.[7] This position became known as "Quality Assurance Administrator."[8] At the time of Marak's termination Sid Hobbs was a Facility Maintenance Supervisor who oversaw passenger terminals.[9] Hobbs eventually became the Quality Assurance Administrator.[10] Because Hobbs ended up occupying the single remaining superintendent position, Defendant argues that there was not an open position. Defendant also argues that the positions held by John Smith and Brian Yancey were not available at the time of Marak's termination.

Marak does not specifically respond this argument, but instead alleges that he was better qualified than those individuals who assumed his duties–namely Mr. Hobbs, Mr. Smith, and Mr. Yancey.[11] The Court believes that the proper analysis of Marak's age claims needs to begin at whether Marak was qualified to assume another position. If the Court were to accept that at the time of his termination there was no position left for Marak, then the Court would fail to recognize that in a RIF responsibilities of terminated employees are parsed out among remaining employees. Therefore, no Plaintiff would be able to prevail in a RIF case if all the Defendant had to argue was that Plaintiff's position was eliminated and Plaintiff's job duties were subsumed by others.

Marak's former job duties are split somewhere between Mr. Hobbs, Mr. Smith, and Mr. Yancey. Marak only presents scant evidence that Smith and Yancey assumed his job duties. Smith

---

[7] *Id.* at 59.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] Pl.'s App. 1-2.

and Yancey were lower ranking, less experienced employees.[12] Furthermore, Marak never requested to be transferred to their positions.[13] Therefore, the Court must address whether Marak was qualified for the Quality Assurance Administrator position. Furthermore, the fact that Mr. Hobbs is slightly older than Marak does not necessarily show that Marak was not discriminated against because of his age. *See Walther v. Lone Star Gas Co.*, 952 F.2d 119, 123 (5th Cir. 1992).

DFW argues that Marak is unqualified to assume the Quality Assurance Administrator position given because he lacks experience working on passenger terminals, elevators, and other facilities.[14] Marak solely relies on his personal declaration that he is qualified for the Quality Assurance Administrator to refute DFW's extensive summary judgment evidence that he is not.[15] Drawing all inferences in favor of the non-moving party, Marak has proved that he was qualified for the Quality Assurance Position.

## ii. Whether DFW intended to discriminate

The final requirement to make out a prima facie case in a RIF situation is showing by circumstantial or direct evidence that the employer intended to discriminate. All Marak has is circumstantial evidence that concerns of an "aging population" at the airport motivated DFW to fire older workers.[16] At the prima facie stage, this evidence is sufficient. DFW's arguments in opposition are better served in the next step of the burden shifting analysis.

---

[12]Def.'s App. 61. *See also Walther v. Lone Star Gas Co.*, 952 F.2d 119, 123 (5th Cir. 1992) (holding that employee need not "bump" younger, less experienced employees from their positions in order to make room for the older and more experienced.)

[13]Def.'s App. 22.

[14]*Id.* at 60-61.

[15]Pl.'s App. 1.

[16]*Id.* at. 8, 12-14.

### iii.    *Legitimate non-discriminatory reasons for Marak's termination*

DFW argues that the RIF was necessary to cure the economic ills brought on by the September 11, 2001 attacks. A RIF is a legitimate non-discriminatory reason to terminate an employee. *See E.E.O.C. v. Tex. Instruments, Inc.,* 100 F.3d 1173, 1181 (5th Cir.1996); *Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 150 (5th Cir.1995). Furthermore, Defendant alleges that Marak was not qualified for the Quality Assurance Administrator position.[17] DFW has articulated legitimate, nondiscriminatory reasons for Marak's dismissal. Therefore, the presumption of age discrimination established by Marak's *prima facie* case falls away, and the burden shifts back to Marak to raise a fact issue either that DFW's reasons are not true but are instead a pretext for age discrimination (pretext alternative), or that DFW's reasons, while true, were not the only reasons for its conduct and another "motivating factor" was Marak's age (mixed motives alternative). See *Rachid*, 376 F.3d at 312.

a. Pretext Alternative

In the Fifth Circuit, "[i]n order to succeed on a discrimination claim in a [reduction in force] situation, it is incumbent upon the terminated employee to prove that he was 'clearly better qualified' than the retained employees." *Jarvis v. Cirrus Logic, Inc*., 97 Fed.Appx. 493, 1 (5th Cir. 2004) (citing *Manning v. Chevron Chem. Co.*, LLC, 332 F.3d 874, 882, n. 4 (5th Cir.2003)). In order to establish a fact issue regarding relative qualifications, "a plaintiff must provide sufficiently specific reasons for his opinion; mere subjective speculation will not suffice." *Nichols*, 81 F.3d at 42. In his declaration Marak argues he has more experience than Hobbs.[18] However, without more, Marak has not demonstrated that he is "clearly better qualified" than the employees retained by DFW after

---

[17] Def.'s App. 58-62.

[18] Pl.'s App. 1-3.

the reduction in force. In order to establish a fact issue regarding relative qualifications, "a plaintiff must provide sufficiently specific reasons for his opinions; mere subjective speculation will not suffice." Nichols, 81 F.3d at 42. As a result, Marak has not rebutted DFW's legitimate, non-discriminatory reasons for terminating Marak.

Marak still may use oral statements exhibiting discriminatory animus in order to demonstrate pretext. *Laxton v. Gap, Inc.*, 333 F.3d 572, 583 (5th Cir. 2003). Although a jury is permitted to infer discriminatory animus from age related comments, nevertheless, in an employment discrimination action, stray remarks are probative of discriminatory intent only if they are coupled with other evidence of pretext. *Palasota v. Haggar Clothing Co.*, 342 F.3d. 569, 577 (5th Cir. 2003). As the Court has determined above that Marak has failed to provide any other evidence establishing a pretext[19], any oral remarks by DFW are Marak's only evidence. Accordingly, the Court determines that the remarks are not probative that Defendant's reasons are pretextual.

The court finds Marak has failed to raise a genuine issue of material fact with respect to his claim that DFW's reduction in force was a pretext for unlawful age discrimination.

b. Mixed Motives Alternative

Although the arguments framed by the parties relate to the pretext alternative prong, the Court will analyze the evidence under the mixed-motive framework as well. Despite the validity of an employer's reasons for its employment action, if the plaintiff "demonstrates that age was a motivating factor in the [employer's decision to terminate him], it then falls to the [employer] to prove 'that the same adverse employment decision would have been made regardless of discriminatory animus.'" *Rachid*, 376 F.3d at 312. The evidence a plaintiff produces must be

---

[19]Plaintiff's claim that more than 80% of the terminated workforce were members of the protected class is unsupported by any evidence, and is is not thoroughly explained.

"sufficient for a jury to conclude, by a preponderance of the evidence, that [age] was a motivating factor for any employment practice." *Desert Palace*, 539 U.S. at 101.

Plaintiff's summary judgment evidence, while disorganized[20], contains corroborated statements that raise serious issues concerning DFW's motives. According to John Winchell, a former human resources analyst at DFW, Darryl Thornton and Kevin Cox, DFW vice-presidents, made ageist comments at several human resources meetings.[21] Winchell claims that others heard these statements, including Linda Valdez Thompson, another DFW vice-president.[22] However, Thompson and Thornton deny that age related remarks were ever made at meetings, and testify in their depositions that the purpose for the RIF was to create efficiencies.[23] This is in sharp contrast to Winchell who states that the discussions surrounding the the early-retirement offerings and the subsequent RIF centered around concerns of an "aging population" that had become expensive and "stale" at DFW relative to the corporate world.[24] Interestingly, while Thornton and Valdez have testified that age was not even an issue discussed, Jennifer Gray, a human resources generalist, recalls age being discussed at human resources meetings.[25]

These statements are sufficient evidence of age discrimination because they are (1) age related, (2) proximate to Marak's termination, (3) made by individuals with authority over the

---

[20]Plaintiff's appendix was haphazardly arranged and never specifically cited to in his brief. In an abundance of caution, the Court nonetheless has examined the documents Plaintiff submitted in rendering this opinion.

[21]Pl.'s App. 8, 12, 14, 18, 22, 23, 25, 27, 42.

[22]*Id.* at 9, 31.

[23]*Id*. at 36, 59.

[24]*Id*.  at 14, 25-27.

[25]*Id.* at 40, 42.

employment decision at issue, and (4) related to the employment at issue. *See Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996). Nor are the comments "too vague, indirect, [or] remote in time" to raise a genuine issue of material fact as to whether age was a motivating factor. *Id.* Hodapp may have made the initial decision to eliminate Marak's position regardless of age, but the final approval came from individuals from whom ageist remarks have been attributed to–Thompson and Thornton.[26]

Marak having shown that shown that age was a motivating factor, "the burden of persuasion rests with the employer to disprove that the employment decision would have been made even absent discrimination..." *See Machinchick v. PB Power, Inc.*, 398 F.3d 345, 355 n. 33 (5th Cir. 2005). Considering all of the summary judgment evidence, the evidence presented by Marak would allow a reasonable jury to find that his age was a motivating factor in DFW's decision to terminate him. DFW has not produced evidence disproving that such discrimination had a determinative or casual effect upon its decision. *Id.* Therefore, summary judgment as to Marak's age discrimination claims is denied.

## B. Family and Medical Leave Act Claims

Marak complains DFW terminated him in retaliation for intending to take FMLA leave to care for his ill mother. Absent direct evidence of retaliation, courts use the *McDonnell Douglas* analytical framework to determine whether "an employee was penalized for exercising rights guaranteed by the FMLA." *Chaffin v. John H. Carter Co., Inc*., 179 F.3d 316, 319 (5th Cir.1999). The *McDonnell Douglas* framework is a "[t]hree-part burden-shifting scheme."

---

[26]Furthermore, Linda Valdez Thompson and Darrell Thornton can be said to have had "influence or leverage" over Rusty Hodapp since they reviewed his RIF recommendations. *See Russell v. McKinney Hosp. Venture,* 235 F.3d 219, 226 (5th Cir. 2000).

*Chaffin*, 179 F.3d at 319. First, the plaintiff must establish a prima facie case of discrimination. *Id.*; *Slaughter-Cooper v. Kelsey-Seybold Medical Group P.A.*, 379 F.3d 285, 291 (5th Cir.2004). Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to produce an alternative legitimate non-discriminatory explanation for the plaintiff's termination. *Chaffin*, 179 F.3d at 319-20. Finally, if the defendant produces an acceptable alternative explanation, the burden shifts back to the plaintiff to prove the defendant's explanation is merely pretextual and the real reason for termination was discriminatory. *Id.* at 320.

### *i. The Prima Facie Case*

Marak argues his termination was directly related to intending to take leave to care for his mother under the FMLA. A plaintiff states a prima facie case of retaliation by showing (1) his actions were protected under the FMLA (2) his employment was terminated, and (3) there was a causal link between his termination and protected activities. *Chaffin*, 179 F.3d at 319; *see also Slaughter-Cooper*, 379 F.3d at 291. The causal connection required in the third prong of the plaintiff's prima facie case has a lower threshold than the "but for" causation required to ultimately prove retaliation. *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 n. 8 (5th Cir.1998). Accordingly, the plaintiff need not prove that retaliation was the sole factor in the defendant's termination decision to establish a prima facie case of retaliation. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir.2002). Furthermore, a court may consider "the temporal relationship between the employee's conduct and discharge" to determine "whether a causal link has been demonstrated in the prima facie case stage." *Boriski v. City of College Station*, 65 F.Supp.2d 493, 514 (S.D.Tex.1999). The temporal relationship is a significant but not always determinative indicator. *Id.*

Marak has not made out a prima facie case. First, he has not produced any summary

judgment evidence that he engaged in protected activity. All that he has produced is his own declaration that he was *intending* to take FMLA leave.[27] Furthermore, Marak never produced any information that evinced any entitlement to leave. See 29 U.S.C. § 2612(a)(1)(C). In addition, Marak has not established that any decision maker–direct or indirect–had any idea that Marak was even intending to take leave. Therefore, Marak has failed to state a prima facie case of FMLA retaliation. Accordingly, the Court grants summary judgment as to Marak's FMLA claims.

## IV. CONCLUSION

Having found that Plaintiff has shown that age was a motivating factor in DFW's decision to terminate him, Defendant's motion for summary judgment as Plaintiff's age discrimination claims are DENIED. As to Plaintiff's FMLA claims, Plaintiff has failed to make out a prima facie case. Accordingly, Defendant's motion for summary judgment as to Plaintiff's FMLA claims are GRANTED. Plaintiff's claims under the FMLA are DENIED WITH PREJUDICE.

**It is so ORDERED.**

**ENTERED: August 3, 2005**

_____
**JERRY BUCHMEYER
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**

---

[27]Pl.'s App. 2.